UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**NORMAN PAUL TRAHAN**              **CIVIL ACTION NO. 6:11-cv-1829**
    **LA. DOC #372110**
**VS.**                              **SECTION P**

                                           **JUDGE DOHERTY**

**LAFAYETTE PARISH SHERIFF'S**
**OFFICE, ET AL.**                   **MAGISTRATE JUDGE HANNA**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Norman Paul Trahan, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 12, 2011. When he filed this complaint, plaintiff was detained at the Lafayette Parish Corrections Center (LPCC). He was presumably awaiting trial on unspecified charges in the Fifteenth Judicial District. He complained that he was being denied access to the courts and that he was falsely accused and convicted of unspecified prison disciplinary violations. He sued the Lafayette Parish Sheriff's Office[1], Sheriff Michael W. Neustrom, Grievance Officer Johanna M. Davis, DeputyTyrell Fenroy, and Sgt. Celestine. He prayed for relief as follows, "set case for trial."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

---

[1] In Louisiana, the parish sheriff's offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988). The State of Louisiana has not granted juridical status to the Lafayette Parish Sheriff's Office, therefore plaintiff's suit against this non-juridical entity is frivolous.

*Background*

In his original complaint filed on October 12, 2011, plaintiff alleged that he was incarcerated at LPCC. He alleged that the facility's law library was "totally inadequate, almost non-existent, no law books, only Westlaw.com which one would need special training to navigate web site..." He also complained that there was no inmate counsel to assist him. He claimed that he was denied access to courts on several occasions. He alleged that "a writ for habeas corpus was completely disregarded by LPCC staff." He claimed that he was representing himself in pending criminal matters and that he was factually innocent of the charges. He asserted that he missed court dates in other jurisdictions because of the defendants' failure to obey court orders. He concluded by alleging that "officers set up plaintiff with bogus disciplinary write up that was not heard at 'kangaroo court' due to its false accusations." He also alleged that his life was placed in danger by these "bogus 'write up.'" He prayed only that his case be set for trial.

On November 1, 2011 plaintiff inquired about the status of his case. [Doc. 5] On November 23, 2011 he submitted a properly executed application to proceed *in forma pauperis* [Doc. 6], and, on November 29, 2011 his request to proceed *in forma pauperis* was granted. [Doc. 7]

On some unspecified date prior to the date of this report, plaintiff was released from custody. He is currently being supervised by the Alexandria Division of the LDOC's parole and probation office.[2]

---

[2] This information was obtained from the LDOC Inmate Locator Service at 225-383-4580. To the extent that plaintiff seeks a speedy trial, it would appear that his request is moot. Further, plaintiff is apparently in violation of Local Rule 3.2 of the Western District in that he has not apprised the Court of his current whereabouts.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to

add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 2. Access to Courts

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff has not shown how his ability to prepare and transmit legal documents was in any way inhibited by the defendants.

Further, and to the extent that plaintiff sought to represent himself against the criminal charges that accounted for his detention, he likewise has failed to state a claim for which relief may be granted. Under established law, the appointment of counsel (<u>or even the offer to appoint counsel</u>)

4

satisfies a detainee's right of access to the courts. *Degrate v. Godwin*, 84 F.3d 768 (5th Cir. 1996). It must be presumed, absent any allegations to the contrary, that plaintiff was either offered representation and declined or accepted and was provided a court-appointed attorney, or hired his own counsel. Thus to the extent that plaintiff implies that the denial of access to an adequate law library inhibited his criminal defense, his claim is frivolous.

Finally, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Since plaintiff has not shown prejudice resulting from the alleged deficiencies in the law library, he is not entitled to relief.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana February 9, 2012.

_____
PA
UNITED STATES MAGISTRATE JUDGE